IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-CV-1064-TMH |
| | ) | [WO] |
| A. J. HARDY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Willie Grant ["Grant"], an indigent inmate, initiated this 42 U.S.C. § 1983 complaint challenging actions taken against him at the Montgomery City Jail. On November 30, 2009, this court entered a notice, a copy of which the Clerk mailed to Grant. The postal service returned this document because Grant no longer resided at the address he had provided to the court. In light of the foregoing, the court entered an order requiring that on or before December 15, 2009 Grant inform the court of his present address. *Order of December 8, 2009 - Court Doc. No. 8*. This order specifically cautioned Grant that his failure to comply with its directives would result in a recommendation that this case be dismissed. *Id*. Grant has filed nothing in response to the December 8, 2009 order. The court therefore concludes that this case is due to be dismissed.

### CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to properly prosecute this cause of

action. It is further

ORDERED that on or before January 4, 2010 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of December, 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE